# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MICHAEL C. NOVI, BAR NO. 8212.

No. 75220

**FILED**

JUL 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Michael C. Novi for one year from the date of this court's order for violating RPC 1.3 (diligence), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Novi committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

Novi failed to file a petition to seal criminal records on behalf of a client. Additionally, he was late to court on numerous occasions and on one occasion he failed to appear, he was found asleep in his car with the motor running in the courthouse parking lot, and his failure to appear resulted in his client, who was in custody at the time, staying in custody when he otherwise likely would have been released. Novi also appeared

18-27607

disheveled or wearing unprofessional attire in court on two separate occasions. To explain his tardiness or unprofessional attire he provided the court with an excuse, on more than one occasion, that the court later found to be false. Novi also fell asleep while appearing in court on behalf of clients on two separate occasions.

The panel found that Novi violated RPC 1.3 (diligence) and RPC 3.2 (expediting litigation) by failing to file the petition to seal criminal records and by failing to appear for court and violated RPC 3.3 (candor toward the tribunal) and RPC 8.4 (c) (misconduct: conduct involving dishonesty, fraud, deceit, or misrepresentation) on no less than five occasions when he omitted relevant information and/or made misrepresentations to the court. The panel also found that Novi violated RPC 8.4(e) (misconduct: stating an ability to improperly influence a government official) by informing the client seeking to have his criminal record sealed that he would not need to obtain an updated criminal record search because Novi had a friend in the district attorney's office who would help him without the updated search. Lastly, the panel found that Novi violated RPC 8.1 (disciplinary matters) by failing to respond to the State Bar's lawful demands for information concerning two grievances filed against him. We defer to the panel's findings of facts regarding the violations of RPC 1.3, RPC 3.2, RPC 3.3, RPC 8.4(c), and RPC 8.4(e), as they are supported by substantial evidence and are not clearly erroneous. But because there is no evidence in the record, much less substantial evidence, demonstrating Novi violated RPC 8.1, we are unable to defer to the panel's finding in that regard. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Novi violated RPC 1.3, RPC 3.2, RPC 3.3, RPC 8.4(c), and RPC 8.4(e), but disagree with the conclusion that Novi violated RPC 8.1.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

The record supports the panel's decisions that Novi knowingly violated duties owed to his clients (diligence, expediting litigation), the legal system (candor toward the tribunal), the public (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and the legal profession (misconduct). Novi's misconduct caused injury or potential injury to his clients, the judiciary, and the integrity of the profession. Specifically, one of Novi's clients was harmed because his petition to seal his criminal records was never filed and the majority of the fees he paid Novi were never reimbursed. The panel found and the record supports three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and one mitigating circumstance (no prior discipline).[1]

Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar

---

[1]While there were indications that Novi suffered from a physical or mental condition, the panel found that there was insufficient evidence to establish any particular mitigating circumstance in that regard. If Novi seeks reinstatement, the reinstatement panel may wish to consider evidence that any such condition has been addressed.

SUPREME COURT
OF
NEVADA

(O) 1947A

Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."); *id.* at Standard 6.12 ("Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court . . . and takes no remedial action, and causes injury or potential injury to a party to the legal proceedings, or causes an adverse or potentially adverse effect on the legal proceedings."). Additionally, weighing the aggravating and mitigating circumstances, we conclude that the recommended one-year suspension will serve the purpose of attorney discipline.

Accordingly, we hereby suspend Michael C. Novi from the practice of law in Nevada for one year from the date of this order. As a condition of reinstatement, Novi shall refund Charles Albright $1,440.50 within 30 days of the date of this order. He shall also pay the actual costs of the disciplinary proceedings including $2,500 under SCR 120 within 30 days of the date of this order.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                          Gibbons

_____, J.          _____, J.
Pickering                       Hardesty

_____, J.          _____, J.
Parraguirre                     Stiglich

 

cc: Chair, Northern Nevada Disciplinary Panel
Michael C. Novi
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court